## Lovett Estate

*James P. Harris*, for accountant.

*Charles H. Miner, Jr.*, for exceptant.

BRADY, P. J., (specially presiding), March 26, 1951.—The matter in this estate before the court is an exception filed by the substituted trustee to the account of the testamentary trustee, deceased, as stated by the executrix of the estate of the late fidu-

ciary. The exception is directed against claim of credits in the account of the trustee for distribution to the life beneficiary, as income, of "capital gains dividends" received as part of cash dividends on capital stock of an investment company, which stock was purchased as an investment of the trust estate by the predecessor trustee, deceased.

At the hearing on the exception the matter was presented on briefs of counsel representing the accountant-executrix and counsel for exceptant-trustee, together with agreed facts as stipulated by counsel. Neither the life beneficiary nor remaindermen of the trust estate entered an appearance at the hearing or moved on the exception.

From the record of the estate and the history of the trust therein disclosed, other facts relevant to the exception must be considered. The exception questions the allocation of income and principal and involves all parties interested in the trust estate. The record discloses: Under the will of Rebecca J. Lovett, deceased, there was created a trust for the benefit of her daughter, Kaloolah Lovett Furlong (now Buchanan), for life, and upon the death of her daughter, Kaloolah, the corpus of the trust is to be paid to the issue of testatrix's daughter, Jessie Lovett Morgan, and the issue of her daughter, Kaloolah, who survive her. Benjamin F. Morgan, the son-in-law of testatrix and husband of Jessie Lovett Morgan, was named executor and trustee.

Rebecca J. Lovett died on February 24, 1933. The corpus of the trust was awarded to the trustee, Benjamin F. Morgan, by the decree on the audit and distribution of the estate, as confirmed finally February 14, 1934. After the death of the trustee on August 13, 1950, the executrix of his estate, Jessie L. Morgan, petitioned for the appointment of the Real Estate Trust Company of Philadelphia as substituted

trustee. By order of this court filed October 3, 1950, the trust company was appointed. Following this appointment, the executrix, on November 27, 1950, filed this account. To this account of the deceased trustee as stated by the executrix, namely, Jessie L. Morgan, daughter of the deceased trustee, granddaughter of settlor of the trust, and one of the trust remaindermen, the substituted trustee files the exception.

The exception filed sets forth the amounts and the years in which they were received by the trustee of "capital gains dividends" as part of the dividends of Wellington Fund, Inc., an investment company; such capital gains dividends, totaling $716.99, were distributed as income to the life beneficiary, Kaloolah Lovett Buchanan, and are credited as such in the account of the deceased trustee as stated by his executrix. The aforestated facts, as to the amount and disposition of the dividends, are agreed to by the parties, the executrix, Jessie L. Morgan, and exceptant, the Real Estate Trust Company of Philadelphia, substituted trustee.

Since the exception, in substance, questions the allocation of income and principal, it is apparent that the accountant-executrix of the deceased trustee and also one of the remaindermen of the trust finds herself with antagonistic interests. Further, exceptant, the substituted trustee, is confronted with conflicting duties of its office in filing the exception. The trustee must be impartial between the life tenant and remaindermen in questions concerning the allocation of principal and income of the trust estate; yet it is also the duty of the trustee to seek redress against his predecessor trustee for breach of trust. Neither the life beneficiary, Kaloolah Lovett Buchanan, daughter of settlor, nor any remaindermen now living, namely, Walter L. Morgan, Dorothy L. Morgan, Jessie L.

Morgan (accountant-executrix,) nor a representative of unborn remaindermen, moved on the exception or entered an appearance, thereby subjecting the substituted trustee-exceptant to represent their antagonistic interests and involving the trustee in a conflict of duties.

Under the aforementioned circumstances and in the interest of all parties, it is the opinion of the court that the exception should be sustained pro forma, but without prejudice to the rights of all interested parties to present a claim for the questioned fund on the audit for proper distribution and award of the balance in the account.